## No. 156

## ELECTRIC SALES CO. v. NEW JERSEY TRUST CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1214. Decided Nov. 20, 1925

147. BILLS & NOTES—Where regular upon its face, transfer having been made in good faith, actual notice or bad faith on part of endorsee must be proven in order to invalidate his title thereto.

BY THE COURT.

The Trust Co. of New Jersey brought an action in the Franklin Common Pleas against the Electric Sales Co. upon a trade acceptance. The parties agreed to waive the jury and submit the cause upon the issues to the court, which found in favor of the Trust Co. and rendered a judgment for the amount of the trade acceptance.

Error was prosecuted to the Court of Appeals, and it was claimed that the court below erred in receiving a deposition for the reason that it was not forwarded to the clerk of court. The Court of Appeals in affirming the judgment of the lower court held:

1. There is a latitude allowable in the matter of filing a deposition; and the trial court did not abuse its discretion in allowing the deposition to be received in evidence.

2. The principal question relates to the issue as to the good faith of the Trust Co. and as to whether it had notice of an infirmity in the note.

3. The undisputed evidence shows that the trade acceptance was negotiated before due

in the regular course of business, for value.

4. The Sales Co. contends that a suspicion arises from the letter signed by the Trust Co. and forwarded to it, that such an infirmity in the instrument was known.

5. Actual notice or bad faith on the part of the endorsee of the negotiable promissory note, must be proved to invalidate his title thereto, where the instrument is regular upon its face and transfer is made in due course. Kitchen v. Loudenbach, 48 OS. 177.

6. Under this rule, there was sufficient evidence to justify the trial court in its judgment in favor of the Trust Co.

Judgment affirmed.

Attorneys—Bradford & Dones for Sales Co; Morton, Irvine & Blanchard for Trust Co.; all of Columbus.

---

## No. 157

## SCHLENKER v. INDUST. COMM.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1631. Decided Jan. 4, 1926

631. INDUSTRIAL COMMISSION—1. Rulings of Commission must be appealed within thirty days after final action.

2. Injury sustained while walking to work not within the regular course of employment.

RICHARDS, J.

Mattie Schlenker a teacher, while walking to school, carrying grade cards and school books, slipped and fell on the sidewalk and was seriously injured.

On May 1, 1923, the Industrial Commission notified her of the rejection of her claim for compensation on the ground that her injury had not been sustained in the course of her employment.

She took no further action in the matter until January 1925, when she filed application with the Commission for rehearing. This being denied she appealed to the Lucas Common Pleas, which Court dismissed the appeal. Error was prosecuted to the Court of Appeals, and it held:

1. An appeal from a ruling of the Industrial Commission must be made within thirty days after such ruling, 1465-90 GC.

2. If the appeal to the Common Pleas had been heard, Schlenker must necessarily have failed in her contention in view of the fact that her injury was not suffered in the regular course of her employment.

Judgment affirmed.

Attorneys—J. H. Boyd, for Schlenker; F. E. Calkins for Commission; both of Toledo.